Filed 4/9/15  P. v. Brown CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>DAVID JOSEPH BROWN,<br><br>     Defendant and Appellant. | D066269<br><br><br><br>(Super. Ct. No. SCD253605) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed as modified with directions.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted David Joseph Brown of failing to register as a sex offender (Pen. Code,[1] § 290.013) in count 1. In count 2 he was convicted of failing to register as a transient (§ 290.011). The court found true one prison prior (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)). Brown was sentenced to a total term of five years in prison. In addition the court imposed a $500 sex offender fine pursuant to section 290.3.

Brown appeals challenging only the sex offender fine. He contends the fine was not authorized for the offense for which he was convicted. The People correctly concede the fine was not authorized and that we should strike it. We agree with the parties that the $500 fine was improperly imposed and we will modify the judgment by striking the fine.[2]

## DISCUSSION

The $500 sex offender fine is required by section 290.3, in cases where the defendant has been convicted of new offenses specified in subdivision (c) of section 290. Section 290.3, subdivision (a) provides in part:

> "(a) Every person who is convicted of any offense specified in subdivision (c) of section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine."

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Since the issue in this case is very limited we will omit the traditional statement of facts.

As the parties have pointed out the offenses for which Brown was convicted are technical violations, not listed in section 290, subdivision (c). Simply put, the fine in section 290.3 does not apply in this case and it must be stricken.

DISPOSITION

The judgment is modified to strike the $500 fine imposed pursuant to section 290.3. The trial court is directed to amend the abstract of judgment accordingly and forward the amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

McINTYRE, J.

3